**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00228-CR**
_____

**IN RE EDWARD J. MANEL**

**Original Proceeding**
**Criminal District Court of Jefferson County, Texas**
**Trial Cause No. 22-41181**

**MEMORANDUM OPINION**

Relator Edward J. Manel filed a petition for a writ of mandamus to compel the trial court to "apply texas law Article 17.151 texas code of criminal procedure to the charge of Burglary of Habitation". We deny mandamus relief.[1]

---

[1] Relator failed to support his mandamus petition with an appendix containing "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." Tex. R. App. P. 52.3(k)(1)(A). Relator additionally failed to certify that he served a copy of the mandamus petition on the Respondent and the Real Party in Interest. *See* Tex. R. App. P. 9.5. Here, we exercise our discretion under Rule 2, to look beyond these deficiencies to reach an expeditious result. *See* Tex. R. App. P. 2.

"Mandamus relief may be granted if a relator shows that: (1) the act sought to be compelled is purely ministerial, and (2) there is no adequate remedy at law." *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). To obtain relief on a mandamus petition, the petitioner must show that he has a clear legal right to the act that he is seeking to compel. *Id*.

Manel states that he was arrested for burglary of a habitation on November 6, 2022, and "went to court for announcement plea and put a not guilty plea" on a date more than 90 days after he was arrested. Other than this bare statement, Manel provides no information about what transpired in the trial court. Manel has not shown that he asked the trial court to release him either on personal bond or by reducing the amount of bail required. *See generally* Tex. Code. Crim. Proc. Ann. art. 17.151. Manel has not shown that he filed a motion to reduce bail or applied for a pre-trial writ of habeas corpus, and he presents no argument or authority to support imposing a ministerial duty on the trial court when the detained person has not requested that he be released because of delay. *See id.* Accordingly, we deny the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on July 25, 2023
Opinion Delivered July 26, 2023
Do Not Publish

Before Horton, Johnson and Wright, JJ.

2